# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40132** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Christian D. PAYAN** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 18 May 2021, a general court-martial consisting of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] Appellant was sentenced to a dishonorable discharge, confinement for 16 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case was docketed with the court on 28 July 2021. Upon review of the record of trial, in response to Appellant's motion to view sealed materials dated 19 April 2022, the court discovered an omission in the record. Transcript pages 28–38 show the military judge conducted a closed session of the court, pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), and Military Rule of Evidence 412. However, the record of trial filed with the court does not contain the audio recording of the closed session. This transcribed session was ordered sealed by the military judge, but we further discovered that these transcribed pages were not sealed. On 27 April 2022, the court issued an order to correct the record of trial by adding the missing audio of the closed session of the court. We are rescinding this order due to the discovery of other deficiencies in the record.

After this court's 27 April 2022 order, it was brought to the attention of the court that Appellate Exhibits V and VI contained the same document, *Defense Motion to Compel Production of Expert Consultant*. Appellate Exhibit VI should be the Government's response to Defense's motion to compel, but is missing from the record.

---

[1] All references in this order to the Uniform Code of Military Justice, Rules for Courts-Martial, and Military Rules of Evidence, are to the *Manual for Courts-Martial, United States* (2019 ed.).

The record of trial must contain "[a] substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting." Rule for Courts-Martial (R.C.M.) 1112(b)(1). Further, R.C.M 1112(d) provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for the military judge to take corrective action for an incomplete record. Once a superior court returns a record to the military judge for correction, the military judge must give notice of the proposed correction to the parties and permit the parties to examine and respond to the proposed change.

Accordingly it is by the court on this 28th day of April, 2022,

**ORDERED:**

The Government shall take all steps necessary to ensure that transcript pages 28–38 in the possession of any government office, Appellant, counsel for Appellant (trial and appellate), or any other known copy, be retrieved and destroyed if a paper copy, or destroyed if an electronic copy.[2]

However, if appellate defense counsel, and appellate government counsel, possess transcript pages 28–38, counsel are authorized to retain copies of these transcript pages until completion of our Article 66, UCMJ, 10 U.S.C. § 866, review of Appellant's case, to include the period for reconsideration in accordance with JT. CT. CRIM. APP. R. 31. After this period, appellate defense counsel and appellate government counsel shall destroy any retained copies of transcript pages 28–38 in their possession.

The Clerk of Court will ensure transcript pages 28–38 are properly sealed in the record retained by the court.

**It is further ordered:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the missing audio of the closed session of court, missing Appellate Exhibit VI, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). After the military judge makes the necessary corrective measures, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

---

[2] The base legal office may maintain a sealed copy in accordance with Department of the Air Force Manual 51-203, *Records of Trial*, ¶ 9.3.6 (21 Apr. 2021).

The record of trial will be returned to the court not later than **31 May 2022**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than 26 May 2022 of the status of the Government's compliance with this order.

The court's 27 April 2022 order is hereby RESCINDED.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court